IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUSAN ADENIYI-JONES, et al.          :          CIVIL ACTION
                                     :
            v.                       :
                                     :
STATE FARM MUTUAL AUTOMOBILE         :          NO. 14-7101
COMPANY

MEMORANDUM

Bartle, J.                                      October 21, 2015

        Plaintiffs Susan Adeniyi-Jones ("Adeniyi-Jones") and
Abraham K. Munabi ("Munabi") have brought this action against their
insurer, defendant State Farm Mutual Automobile Insurance Company
("State Farm").  They allege breach of contract as well as bad
faith on the part of State Farm in negotiating with them regarding
their claim for underinsured motorist benefits.  See 42 Pa. Cons.
Stat. § 8371.  Plaintiffs' claims arise out of an October 11, 2011
motor vehicle accident between Adeniyi-Jones and Tyrell McCoy
("McCoy").  McCoy settled with the plaintiffs for his policy limits
of $25,000, and the plaintiffs now seek additional compensation
from their own policy.

        State Farm has moved to compel the deposition of Rhonda
Hill Wilson ("Wilson"), counsel for plaintiffs.  The plaintiffs
have countered with a motion for a protective order.

        Generally, discovery is available to a party if it "is
relevant to any party's claim or defense and proportional to the

needs of the case." See Fed. R. Civ. P. 26(b)(1).  Although the
court proceeds with caution, there is no heightened evidentiary
burden on the party seeking to depose counsel.  See Premium Payment
Plan v. Shannon Cab Co., 268 F.R.D. 203, 204-05 (E.D. Pa. 2010).
The party seeking a protective order precluding the deposition of
counsel has the burden to show that the deposition would cause:

> undue burden or oppression measured by (1) the
> extent to which the proposed deposition
> promises to focus on central factual issues,
> rather than peripheral concerns; (2) the
> availability of the information from other
> sources, viewed with an eye toward avoiding
> cumulative or duplicative discovery; and (3)
> the harm to the party's representational
> rights resulting from the attorney's
> deposition.

Frazier v. Se. Pa. Transp. Auth., 161 F.R.D. 309, 313 (E.D. Pa.
1995).

State Farm seeks to depose Wilson with respect to
discussions that she had with State Farm's claims adjuster
concerning the plaintiffs' insurance claim before filing this
lawsuit.  These conversations involve central factual issues
relevant to the plaintiffs' allegation in this lawsuit that State
Farm acted in bad faith in negotiating settlement of their
insurance claim.  Included in the alleged acts of bad faith is
State Farm's failure to request a statement under oath from
Adeniyi-Jones or a medical examination of her.  State Farm counters
that it acted reasonably pursuant to an oral agreement with Wilson

that she would provide State Farm information that would render a statement under oath and medical examination unnecessary.  The existence of any oral agreement is central both to the plaintiffs' statutory bad faith claim and the defendant's defense.  A deposition of counsel is appropriate where "the attorney's conduct itself is the basis of a claim or defense, [and] there is little doubt that the attorney may be examined as any other witness."  See Johnston Dev. Grp., Inc. v. Carpenters Local Union No. 1578, 130 F.R.D. 348, 352 (D.N.J. 1990).

Wilson disputes State Farm's characterization of her conversations with it.  As such, Wilson has factual information in her knowledge that is only available from Wilson.  The plaintiffs have not met their burden to demonstrate that "the information is so readily available from other sources that an order compelling [counsel's] deposition would be oppressive."  See Premium Payment Plan, 268 F.R.D. at 206 (alteration in original) (citations omitted).  Even where a conversation takes place among a handful of individuals, each individual's unique perspective is independently discoverable.  See Johnston Dev. Grp., 130 F.R.D. at 353.

Finally, harm to the plaintiffs' representational rights is minimal because the communications, by their very nature, are not protected by the attorney-client privilege.  The attorney-client privilege does not protect communications between the representative of the defendant and plaintiffs' counsel.  See,

-3-

e.g., In re Teleglobe Commc'ns Corp., 439 F.3d 345, 361 (3d Cir. 2007).  Whether Wilson will be required to be disqualified as counsel for plaintiffs will have to await another day.  See Johnston Dev. Grp., 130 F.R.D. at 353.

      Accordingly, we will grant the motion of State Farm to compel the deposition of Wilson.  The defendant may depose Wilson limited to her communications with the defendant regarding the plaintiffs' pre-litigation insurance claim.  The motion of Adeniyi-Jones and Munabi for a protective order will be denied.