IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUSAN ADENIYI-JONES, et al.        :        CIVIL ACTION
                                   :
              v.                   :
                                   :
STATE FARM MUTUAL AUTOMOBILE       :
INSURANCE COMPANY                  :        NO. 14-7101

MEMORANDUM

Bartle, J.                                  June 30, 2016

Plaintiff Susan Adeniyi-Jones ("Adeniyi-Jones") and her husband, plaintiff Abraham K. Munabi ("Munabi"), have brought this action against their insurer, defendant State Farm Mutual Automobile Insurance Company ("State Farm").  They allege breach of contract as well as bad faith on the part of State Farm in negotiating with them regarding their claim for underinsured motorist benefits.  See 42 Pa. Cons. Stat. § 8371.  The plaintiffs' claims arise out of an October 11, 2011 motor vehicle accident between Adeniyi-Jones and Tyrell McCoy ("McCoy").  McCoy settled with the plaintiffs for his policy limits.  The plaintiffs now seek additional compensation under the under-insured provision of their own policy.

The question before the court is whether the representation of plaintiffs at trial by their lawyer Rhonda Hill Wilson ("Wilson") would contravene Rule 3.7 of the Pennsylvania Rules of Professional Conduct as incorporated in Rule 83.6 of this court's Local Rules of Civil Procedure.  It

appears that Wilson will need to be a fact witness at trial.  We have raised this issue sua sponte, pursuant to "[t]he district court's power to disqualify an attorney [which] derives from its inherent authority to supervise the professional conduct of attorneys appearing before it."  See United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980).  We held a hearing on this matter and ordered briefing by the parties.

I.

The plaintiffs allege in their second amended complaint that on October 11, 2011, while plaintiff Adeniyi-Jones was driving her motor vehicle in the City of Philadelphia, she was struck by a motor vehicle being driven by non-party McCoy.  McCoy was making an illegal turn or movement to exit a parking space at the time of the collision.  McCoy settled with the plaintiffs for his policy limits of $25,000.  The plaintiffs then sought additional compensation from their insurer, State Farm.  Their insurance policy with State Farm included stacked underinsured motorist bodily injury coverage.  Under this coverage, State Farm agreed to compensate the plaintiffs for damages that they incurred above those recovered from the negligent driver.

In seeking compensation from State Farm, the plaintiffs did not communicate directly with State Farm. Rather, Wilson, their attorney, communicated with State Farm on

-2-

their behalf.  Wilson first contacted State Farm by letter in April 2012 to inform it that the plaintiffs intended to make a claim for underinsured motorist benefits.  This letter began a multi-year conversation between her and Greg Lukens ("Lukens"), the State Farm representative assigned to the plaintiffs' insurance claim.  During the course of that conversation, Wilson and Lukens communicated by letter and telephone about the nature of the plaintiffs' claim in an attempt to settle it.  The content of those communications between Wilson and Lukens is disputed.  In April 2014, State Farm offered to settle the claim for $15,000.  After further communications between Lukens and Wilson, Wilson demanded settlement at the policy limits of $1,500,000 in October 2014.

Wilson and Lukens were unable to agree to a settlement, and the plaintiffs filed this lawsuit in November 2014 in the Court of Common Pleas of Philadelphia County.  The action was removed to this court in December 2014.  In their second amended complaint, the plaintiffs allege breach of contract in Count One and bad faith in Count Two on the part of State Farm in negotiating with them regarding their claim for underinsured motorist benefits.  See 42 Pa. Cons. Stat. § 8371. They also assert that Munabi, Adeniyi-Jones' husband, is entitled to damages for loss of consortium.

On October 21, 2015, we granted the motion of State Farm to compel Wilson's deposition "limited to her communications with the defendant regarding the plaintiffs' pre-litigation insurance claim."  See Adeniyi-Jones v. State Farm Mut. Auto. Ins. Co., 2015 WL 6180965, at *2 (E.D. Pa. Oct. 21, 2015).  We explained that "[t]hese conversations involve central factual issues relevant to the plaintiffs' allegation in this lawsuit that State Farm acted in bad faith in negotiating settlement of their insurance claim."  See id. at *1.

In February 2016, State Farm moved for summary judgment with regard to the plaintiffs' claim that State Farm had acted in bad faith in handling their insurance claim.  In her response filed on behalf of the plaintiffs, Wilson argued that there was a genuine dispute of material fact concerning the nature and content of her conversations with Lukens.  We agreed and denied the motion of defendant State Farm for partial summary judgment.  The action is now ready to be called for trial.

II.

Under Rule 83.6 of the Local Rules of Civil Procedure of the U.S. District Court for the Eastern District of Pennsylvania, "[t]he Rules of Professional Conduct adopted by this court are the Rules of Professional Conduct adopted by the

-4-

Supreme Court of Pennsylvania."  <u>See</u> E.D. Pa. R. Civ. P. 83.6(IV)(B).

Rule 3.7 of the Pennsylvania Rules of Professional Conduct entitled "Lawyer as Witness" provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>> (1) the testimony relates to an uncontested issue;
>>
>> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>>
>> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Pa. Rules of Prof'l Responsibility R. 3.7.  Thus, "an attorney who knows that he or she is likely to be called as a necessary witness in a pending trial is not permitted to act as an advocate in that trial." <u>Commonwealth v. Briggs</u>, 12 A.3d 291, 330 (Pa. 2011); <u>Martin v. Turner</u>, 2011 WL 717682, at *5 (E.D. Pa. Feb. 18, 2011).  As such, "a determination as to whether [the attorney] will be disqualified from acting as an advocate at trial because she is a necessary witness is a determination to be made closer to the trial date." <u>See</u> <u>Evans</u>

v. Chichester Sch. Dist., 533 F. Supp. 2d 523, 539 (E.D. Pa. 2008).  "Ordinarily, [ ] appearance of an attorney as both advocate and witness at trial is considered highly indecent and unprofessional conduct to be avoided by counsel and to be strongly discountenanced by colleagues and the courts."  Commonwealth v. Willis, 552 A.2d 682, 696 (Pa. Super. Ct. 1988).

The attorney has an obligation to disqualify herself from representing a client where she is a necessary fact witness.  See Snyder v. State Ethics Comm'n, 686 A.2d 843, 850 (Pa. Commw. Ct. 1996).  "A witness will be deemed 'necessary' when he 'has crucial information in his possession which must be divulged' and when that information is relevant and not protected by any privilege."  Cipressi v. Bristol Borough, 2012 WL 606687, at *3 (E.D. Pa. Feb. 27, 2012) (internal quotation marks omitted); Roberts v. Ferman, 2011 WL 4381128, at *2 (E.D. Pa. Sept. 16, 2011).  If the attorney has inserted herself into the situation from which the disputed facts in the case arise, her continued representation is akin to participation by an unsworn witness.  See United States v. Santiago, 916 F. Supp. 2d 602, 615 (E.D. Pa. 2013).

In the event that the attorney will not excuse herself as required by Rule 3.7, "[o]ur Court, which applies the Pennsylvania Rules of Professional Conduct, has the authority to disqualify counsel if the facts of a particular case warrant

that disqualification is necessary to enforce and serve the intended goals of an applicable disciplinary rule." See Cipressi, 2012 WL 606687, at *2 (citing E.D. Pa. R. Civ. P. 83.6(IV)(B)). "The district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it." Miller, 624 F.2d at 1201 (citing Richardson v. Hamilton Int'l Corp., 469 F.2d 1382, 1385-86 (3d Cir. 1972)). "Disqualification is 'an extreme sanction that should not be imposed lightly.'" Cipressi, 2012 WL 606687, at *2 (quoting Reg'l Emp'rs' Assurance Leagues Voluntary Emps.' Beneficiary Ass'n Trust v. Castellano, 2009 WL 1911671, at *2 (E.D. Pa. July 1, 2009)).

        "The Pennsylvania Rules of Professional Conduct recognized that the primary potential harm caused when an attorney serves as an unsworn witness is harm to the factfinding process, to the administration of justice, and not necessarily to the defendant." Santiago, 916 F. Supp. 2d at 614. "The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness." See Pa. Rules of Prof'l Responsibility R. 3.7 cmt. Where the concern is possible harm to the tribunal or the fact-finding process, waiver is insufficient to cure the problem. See Santiago, 916 F. Supp. 2d at 614.

III.

In Count Two, the plaintiffs allege that their
insurer, State Farm, acted in bad faith in violation of § 8371
in handling their underinsured motorist benefits claim.  "To
recover under section 8371, a plaintiff must show by clear and
convincing evidence that the insurer did not have a reasonable
basis for denying benefits under the policy and that the insurer
knew or recklessly disregarded its lack of reasonable basis in
denying the claim."  Wolfe v. Allstate Prop. & Cas. Ins. Co.,
790 F.3d 487, 498 (3d Cir. 2015) (citing Terletsky v. Prudential
Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994)).
In support of their § 8371 claim, the plaintiffs allege that
State Farm acted in bad faith in failing to seek a statement
under oath from Adeniyi-Jones until November 2014, when the
claim was referred to in-house counsel for State Farm.  The
plaintiffs also fault State Farm for not requesting an
independent medical examination of Adeniyi-Jones.  They allege
that State Farm, in failing to take those steps, unnecessarily
delayed processing their claim.  Further, they claim that State
Farm made an unjustified and unreasonably low settlement offer
of $15,000.

As the only individual to participate in those
insurance claim negotiations with State Farm on behalf of the
plaintiffs, Wilson is a necessary fact witness with regard to

-8-

all of the plaintiffs' allegations.  First, Wilson's testimony
is central to the plaintiffs proving and State Farm defending
against the claims that State Farm acted in bad faith in failing
to request a statement under oath or independent medical
examination.  State Farm asserts that "Mr. Lukens did not
request a [statement under oath] because Attorney Wilson
consistently informed him that the Plaintiff was still treating
and he was under the impression he would resolve the claim."
Lukens testified at his deposition that he and Wilson had an
agreement "[t]hat you [Wilson] were going to forward additional
medical records to me upon receipt of the same."  See Lukens
Dep. Tr. at 126.  Lukens explained that although he had received
medical records from Wilson concerning Adeniyi-Jones' condition
and treatment, those medical records were only partially
complete because "every time I [Lukens] had spoken with you
[Wilson], you had told me that Dr. Jones was still treating."
See Lukens Dep. Tr. at 127.  Thus, Lukens testified that State
Farm did not seek a statement under oath until late in 2014
because he "was trying to resolve the claim prior to that and
had an agreement with the insured's counsel that medical records
would be sent to me as they were received."  See Lukens Dep. Tr.
at 142.

        In direct contradiction of Lukens' testimony, Wilson
testified that no such agreement existed.  See Wilson Dep. Tr.

at 253.  Further, throughout her response to State Farm's motion
for summary judgment, Wilson argued that her conversations with
Lukens create a genuine dispute of material fact:

> [t]he contested genuine issues of fact
> include whether the Defendant State Farm
> breached their duty and committed bad faith
> in the adjustment of the claim with
> Plaintiffs by their failures including but
> not limited to whether the parties had an
> agreement that Defendant State Farm did not
> have to undertake a Statement Under Oath or
> defense medical examination of the
> Plaintiffs or other investigation of the
> underinsured motorist claim called for by
> the State Farm Claims Manual and guidelines.
>
> Defendant State Farm employee, Greg Lukens,
> has testified at deposition that such an
> agreement existed. . . . Attorney Rhonda
> Hill Wilson said that there was no
> agreement.
>
> . . .
>
> What is controverted and remains a genuine
> issue of material fact is whether there was
> an agreement between the Plaintiffs and
> State Farm to do no interview and/or take a
> statement and/or undertake a defense medical
> examination of the Plaintiffs.

(Emphasis added).  Thus, Wilson has clearly acknowledged that
her testimony is relevant and necessary to proving the
plaintiffs' bad faith claim.  If the finder of fact is to
determine whether State Farm acted in bad faith, it must
consider the testimony of both Wilson and Lukens about the
nature of any agreement to provide Adeniyi-Jones' medical
records or other information.

Second, the plaintiffs allege that State Farm acted in
bad faith by unreasonably delaying resolution of their insurance
claim.  State Farm counters that Wilson is responsible for any
delay in the resolution of the plaintiffs' insurance claim.  In
this regard, in the reply brief that it filed in support of its
motion for summary judgment, State Farm listed numerous actions
taken by Wilson that allegedly caused any and all delays.  Thus,
Wilson is a necessary fact witness with regard to proving delay.

Third, Wilson is a necessary fact witness with regard
to the plaintiffs' claim that the $15,000 settlement offer was
unreasonable and unjustified.  The reasonableness of the $15,000
settlement offer depends on the content of the information State
Farm had before it at the time it made that offer.  As the
individual who supplied all relevant documents and oral
representations concerning medical bills, treatment, and wage
loss to State Farm, Wilson is a necessary fact witness as to
whether the settlement offer was reasonable.  Wilson is the only
fact witness who can respond on behalf of the plaintiffs to
Lukens' claims.

The plaintiffs also bring a breach of contract claim
in Count One against State Farm alleging that the "[f]ailure on
the part of the State Farm Insurance Company to make a
reasonable settlement offer to Plaintiffs constitutes a breach
of contract."  In support of this claim, the second amended

-11-

complaint refers to various interactions between Wilson and
Lukens, beginning with Wilson's April 2012 letter putting State
Farm on notice of the plaintiffs' insurance claim.  From that
point forward, Wilson "communicated with Defendant keeping them
apprised of the Plaintiff's medical condition" including by
"contact[ing] State Farm and provid[ing] them medical records of
the Plaintiffs" on various occasions.  As is true with regard to
the bad faith claim, the plaintiffs' claim for breach of
contract implicates Wilson as a fact witness.

Finally, plaintiff Munabi, the husband of plaintiff
Adeniyi-Jones, has asserted in the second amended complaint that
he is entitled to loss of consortium damages.  State Farm
maintains that Wilson never informed State Farm that the
plaintiffs intended to seek loss of consortium damages.  Once
again, Wilson's conduct is at issue and she is a key fact
witness.

IV.

Rule 3.7 allows a lawyer who is also a necessary fact
witness to participate as counsel at trial under three
circumstances:

> (1) the testimony relates to an
> uncontested issue;
>
> (2) the testimony relates to the nature
> and value of legal services rendered in
> the case; or

> (3) disqualification of the lawyer
> would work substantial hardship on the
> client.

See Pa. Rules of Prof'l Responsibility R. 3.7.  The third

exception is the only relevant one here.  The first exception to

Rule 3.7 does not apply because, as explained above, Wilson's

testimony relates to a contested issue.  The second exception to

Rule 3.7 is clearly inapplicable as the testimony would not

concern the nature and value of legal services rendered in the

case.

Under the third exception, "a balancing is required

between the interests of the client and those of the tribunal

and the opposing party."  See Pa. Rules of Prof'l Responsibility

R. 3.7 cmt.  In performing this balancing, we consider:

> [w]hether the tribunal is likely to be
> misled or the opposing party is likely to
> suffer prejudice [which] depends on the
> nature of the case, the importance and
> probable tenor of the lawyer's testimony,
> and the probability that the lawyer's
> testimony will conflict with that of other
> witnesses.

See id.  This is weighed against "the effect of disqualification

on the lawyer's client.  It is relevant that one or both parties

could reasonably foresee that the lawyer would probably be a

witness."  See id.

Here, we find that equities plainly weigh in favor of

disqualifying Wilson as counsel for the plaintiffs.  Allowing

-13-

Wilson to serve as plaintiffs' counsel in this case would compromise the integrity of the tribunal.  Wilson, a solo practitioner and sole counsel for the plaintiffs, cannot effectively represent her clients while she is testifying at trial.  There is a real danger that the finder of fact would be unable to discern when she is acting in her role as an attorney and when she is testifying as a fact witness.  With regard to the interests of the defendant State Farm, we note that it did not move to disqualify Wilson.  Yet, in previously moving to obtain Wilson's deposition and in its brief on the current subject matter, State Farm has taken the position that Wilson's conversations with Lukens render her a central fact witness in this case.

On the other hand, Wilson's disqualification burdens the plaintiffs with obtaining new trial counsel.  This burden on the plaintiffs is minimal in comparison to the numerous factors weighing in favor of disqualification.  Moreover, the plaintiffs and Wilson knew that Wilson's testimony would be a central issue when they filed this lawsuit.  At a hearing on this subject, Wilson informed the court that she would be able to assist the plaintiffs in locating a new attorney without much trouble.  As such, we find that the balance of interests favors disqualifying Wilson as trial counsel in this action.

V.

Accordingly, Rhonda Hill Wilson, Esq., is disqualified as trial counsel for plaintiffs Susan Adeniyi-Jones and Abraham K. Munabi pursuant to Rule 3.7 of the Pennsylvania Rules of Professional Conduct as incorporated in Rule 83.6 of this court's Local Rules of Civil Procedure.  We will direct the Clerk of Court to place the case in civil suspense for thirty days so that the plaintiffs may either obtain new counsel or notify the court that they intend to proceed at trial without counsel.